GEORGE COUNTY BRIDGE CO. *v.* BOARD OF SUP'RS OF GEORGE COUNTY.

(Division A.  Oct. 27, 1930.)

[130 So. 488.  No. 28901.]

Chas. F. Engle, of Natchez, T. H. Byrd, of Lucedale, and Kennedy & Geisenberger, of Natchez, for appellant.

O. F. Moss, of Lucedale, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant is a corporation authorized to build, own, and operate a toll bridge across Pascagoula river in George county. A franchise to own and operate such a bridge for a period of twenty-five years was granted it by the board of supervisors of George county. The bridge so authorized to be owned and operated was built by the company in 1928. In 1929 the county assessor assessed the company on the personal assessment roll with "Street railways, bus and electric light and power lines and Equipment, Merrill Bridge—fifty thousand dollars." After the approval of the assessment roll by the board of supervisors, the company filed a petition with the board, alleging "that said assessment is erroneous and that it does not own any personal property whatsoever in George county, Mississippi. Further, your petitioner respectfully represents that all of its tangible property used in or necessary to the operation of its bridge across the Pascagoula River in George county, Mississippi on the Lucedale-Hattiesburg Road is exempt from all state and county taxation except state ad valorem, income and privilege taxes and that this exemption has been claimed and allowed under the provision of chapter 86 of the Laws of 1928 of the state of Mississippi, and that pursuant to said chapter and laws the Hon. Carl C. White, auditor of public accounts of the state of Mississippi, has, by and with the consent and approval of the Hon. George Mitchell, attorney-general of the state of Mississippi, recognized and allowed the said exemption for a period of five (5) years beginning on the 17th day of November, 1927,

and ending on the 17th day of November, 1932. That records in the office of the chancery clerk of George county, Mississippi, show the granting and allowance of this exemption. That the said assessment of its personal property at fifty thousand dollars is an overvaluation of its personal property to the extent of fifty thousand dollars, because petitioner owns no personal property in the said George county, state of Mississippi. That, therefore, under the provisions of section 8231, Hemingway's Code 1927, section 4312, Code 1906 of the state of Mississippi, your petitioner respectfully asks and prays that the said assessment be stricken from the rolls and abated."

The board of supervisors declined to grant the relief prayed for in this petition, and an appeal to the circuit court was dismissed.

The appellant's contention is that the relief prayed for should have been granted by the board of supervisors under section 4312, Code 1906, section 8231, Hemingway's Code 1927, for the reason that the case presented by the petition is one "of overvaluation known to be such." This statute has no application here. The petition does not present a case of overvaluation of property in its assessment for taxes, but simply a claim that the petitioner owned no personal property at all, and therefore no assessment should have been made against it.

Exactly what claim the appellant bases on the statute under which it claims an exemption from taxation, "except state ad valorem, income and privilege taxes," is not clear, for an assessment of its property is necessary in order that the state ad valorem taxes may be collected.

If the appellant is entitled to be relieved from the payment of taxes on this assessment, as to which we express no opinion, it is in some other proceeding.

Affirmed.