GEORGE COUNTY BRIDGE Co. *v.* CATLETT, SHERIFF AND TAX COLLECTOR.

(Division B. Dec. 5, 1932.)

[144 So. 704. No. 30290.]

Engle & Laub, of Natchez, **T. H. Byrd**, of Lucedale, and **L. C. Hallam,** and **G. G. Lyell,** both of Jackson, for appellant.

O. F. Moss, of Lucedale, for appellee.

Argued orally by **L. C. Hallam**, for appellant.

**Griffith, J.,** delivered the opinion of the court.

The appellant, George County Bridge Company, a corporation, claimed exemption from county taxes under the Act approved April 4, 1928 (Laws 1928, c. 86), which exemption the auditor and Attorney-General had allowed on December 18, 1929, and which allowance included by its terms all county taxes for the year 1929. The appellant had been assessed, however, on the personal rolls of the county for the year 1929 at a total value of fifty thousand dollars. On December 19, 1929, appellant filed a petition with the board of supervisors to abate the assessment, which petition was disallowed by the board. There was an appeal to the circuit court and thence to this court, where the contentions of the appellant were decided adversely to it, as may be seen by the report in the case, George County Bridge Co. v. Board of Supervisors, 158 Miss. 501, 130 So. 488. It will be observed, however, that the opinion of this court was based upon a procedural question rather than on the merits.

While the matter above mentioned was pending, the tax collector of the county, on March 28, 1930, filed his declaration in the circuit court to recover the taxes by way of a personal judgment. Summons was served on the local agent of the bridge company on April 1, 1930, and notice of the suit was also sent to the president of the company, who resided in Memphis, Tenn. Soon after the receipt of this notice, the president wrote to the local attorney who had been representing the bridge company, requesting a copy of the declaration, which copy was in due time forwarded. Thereafter the president sent the copy to the general attorney of the bridge company who lived in another county. On June 3, 1930, the general attorney wrote to the local attorney the following letter: "Re George County Bridge Company Suit.

"Mr. Bovay sent me the declaration you sent him in the new suit. Just go ahead and do the needful. The same issues involved, same assessment, same pleas. Cannot see how they can travel in this new suit and know you will win out."

The local attorney did not receive this letter, and, in consequence, made no acknowledgment of it. The circuit court convened in regular session on June 23, 1930. A few days before the convening of court the attorney representing the tax collector, finding that no plea or pleas had been filed, asked the local attorney, who was representing the bridge company in the other matter involving the same claim of exemption, whether the new action would be defended, to which the local attorney replied that he had sent a copy of the declaration to the bridge company, but had heard nothing further from them, and that unless he should later hear, he would, of course, not volunteer to defend. Nothing having been heard by the local attorney from the bridge company, no appearance was made, and, on the second day of the term, a judgment by default was taken, but of which judgment the bridge company did not learn until July 28, 1930, whereupon an appeal was taken, and the point was relied on, among others, that the tax collector had no legal authority to bring a suit of that character. But this court affirmed the judgment on the ground that this point could not be raised for the first time on appeal. George County Bridge Co. v. Catlett, 161 Miss. 120, 135 So. 217.

While the foregoing appeal was pending in this court, the bridge company filed its bill and obtained a preliminary injunction against the enforcement of the default judgment aforesaid, the gravamen of the bill being that the judgment was the result of accident in that the letter of June 3, 1930, to the local attorney requesting him to defend the action had failed of delivery, and that for that reason no defense was made which otherwise would

have been made; and the bill sets out the defense on the merits in detail, which defense, so far as the case now before us is concerned, will be assumed to have been a good defense, although that question is not here decided.

Stripped down to the essential facts the point here is whether a judgment by default taken in due course after ample legal notice and summons, and without the slightest hint of any improper conduct on the part of the plaintiff, shall be set aside on the showing that a letter was mailed to an attorney requesting him to make defense, which letter was not received by the attorney addressed, and who in consequence did not acknowledge receipt thereof and made no defense, and when the client, not having received acknowledgment of the letter, made no effort to follow up by inquiry and took no other steps than those mentioned.

This is a question upon which decisions have turned upon the narrowest differences in the facts; and there are cases among those in earlier times when relief was granted on no more than the showing above indicated, as, for instance, see the case of Herring v. Winans, Smedes & M. Ch. 466. But the general conditions in respect to mails, the difficulties of correspondence and of travel and the controlling disadvantages incident to disstances had much to do with the earlier views of the courts upon this question. In this day, however, of rapid transportation, easy correspondence and almost instantaneous communication by telegraph and telephone, and moreover in these busier times when the dockets of courts must be handled with some measure of certainty and with dispatch, we think it would be unwise and impractical to permit judgments by default to stand upon so insecure a foundation as would be the result should we lay down the rule that such a judgment must be set aside on a showing such as here made.

If, in acceding to the rule contended for by appellant,

we could properly limit it to those cases where one attorney had written to another and the letter had miscarried, so that in addition to the undisputed testimony of the writer we would have the assurance of truth growing out of the high sense of responsibility in such matters, which reputable attorneys acquire by the very nature of their profession and training, particularly in respect to the integrity of court proceedings, we might be well satisfied to admit such a rule, so limited. But we do not deem ourselves to be authorized by judicial pronouncement to make any controlling differences between the testimony of a lawyer and a layman when in either case that testimony is undisputed. It is obvious, therefore, if any such rule as is contended for by appellant were laid down here, that the result would be that judgments by default would stand at the option of the defendant therein, because a defendant could permit a judgment by default to be taken, and then, when execution is sought to be levied, he could appear with a bill in chancery asserting that he had written a letter to an attorney requesting defense to be made, and that the letter had miscarried, and thus he would not only secure delay but would thereby transfer his law case into the chancery court there to be heard on the merits. Moreover, this rule would favor the unscrupulous and the untruthful defendant who would be willing to make the fabricated assertion of a miscarried letter, and would be of only occasional, not to say extremely rare, service to a truthful defendant.

We hold, therefore, that to do no more than write a letter requesting defense to be made is not sufficient. This must be followed up by inquiry, if seasonable acknowledgment of the letter is not had, or the defendant must take some other or further steps to see to the defense, in default of acknowledgement of a letter of this kind. We must so hold out of consideration of the necessity of general rules and which must be of such char-

acter as to be safe and practical, although the rules may work hardship in an occasional case.

Affirmed.